**FARM BUREAU MUTUAL INSURANCE COMPANY, INC., Plaintiff,**

v.

**Goldie HARMON, et al., Defendants.**

**No. 97–2059–JWL.**

United States District Court,
D. Kansas.

Oct. 24, 1997.

---

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Farm Bureau Mut. Ins. Co., Inc.

Robert L. Farmer, Nuss & Farmer, PA, Fort Scott, KS, for Glesnor Brunk.

Melanie D. Caro, Office of U.S. Attorney, Kansas City, KS, for U.S. and Department of Veterans Affairs.

Kelly Susan May, Daniels & Kaplan, P.C., Kansas City, MO, Ted R. Osburn, Osburn, Hine, Kuntze & Yates, Cape Girardeau, MO, for St. Joseph Medical Center, Inc.

Craig C. Blumreich, Gehrt & Roberts, Chartered, Topeka, KS, for Allied Mut. Ins. Co.

Chris W. Henry, Payne & Jones, Chtd., Overland Park, KS, for Mercy Hosp.

Harold S. Youngentob, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Overland Park Regional Medical Center.

Fred Spigarelli, Thomas E. Hayes, Spigarelli, McLane & Short, Pittsburgh, KS, John Harl Campbell, Andrew H. McCue, Campbell, Holt & McCue, Kansas City, MO, Robert L. Farmer, Nuss & Farmer, PA, Fort Scott, KS, for Cynthia Smith.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is presently before the court on plaintiff's motion to dismiss the counterclaim brought by defendant Overland Park Regional Medical Center (the Hospital) (Doc. 45). Because the Hospital's interest in its hospital lien is protected by its status as a defendant stakeholder, the court grants the motion, and the Hospital's counterclaim is hereby dismissed.

### I. Background

On April 1, 1996, defendant Goldie Harmon was involved in a fatal automobile accident while acting as a volunteer driver for the Department of Veterans Affairs (VA). One passenger, Glesnor Brunk died; Ms. Harmon and the other two passengers, Myran and Odessa Collins, sustained injuries. Plaintiff was Ms. Harmon's automobile insurer at the time.

Plaintiff subsequently brought this suit, naming as defendants Ms. Harmon; the decedent Mr. Brunk's estate; Myran and Odessa Collins; three hospitals, including Overland Park Regional Medical Center; the decedent's insurer; the United States; and the VA. In its first count, plaintiff seeks a declaratory judgment stating that Ms. Harmon was acting within the scope of her duties as a volunteer for the VA and therefore covered under the government's self-insurance; that the United States is liable for any tort recovery by the passengers against Ms. Harmon; and that any tort liability of Ms. Harmon is excluded from coverage under her policy with plaintiff. Plaintiff's second count is an interpleader claim, by which plaintiff seeks to deposit with the court the amount of the policy limit with respect to two passengers, Glesnor Brunk and Odessa Collins, in the event such liability is not excluded from coverage.

On July 25, 1997, the court dismissed plaintiff's claims against the United States and the VA on the basis of sovereign immu-

nity. *Farm Bureau Mutual Ins. Co., Inc. v. Harmon,* 1997 WL 458292 (D.Kan. July 25, 1997). At that time, the court also dismissed a cross-claim against the United States brought by decedent's insurer. *Id.* Another cross-claim against the United States was voluntarily dismissed by defendant St. Joseph Health Center.

According to the complaint, the three hospitals named as defendants treated decedent and the two other passengers after the accident. The hospitals were included in the suit because they claimed liens on any recovery in tort their patients might make as a result of the accident. Defendant Overland Park Regional Medical Center (the Hospital) brought a cross-claim against decedent's estate and the other two passengers, as well as a counterclaim against plaintiff. In those claims, the Hospital alleges that it provided services to decedent and the passengers and that it "has a hospital lien pursuant to K.S.A. 65–406 for hospital services."

Plaintiff has now moved to dismiss the Hospital's counterclaim against it. The Hospital responds that it filed its counterclaim to protect its statutory lien.

## II. Discussion

■ K.S.A. § 65–406 provides for the lien asserted here:

> Every hospital which furnishes emergency, medical or other service to any patient injured by reason of an accident not covered by the workers compensation act, if such injured party asserts or maintains a claim against another for damages on account of such injuries, shall have a lien upon that part going or belonging to such patient of any recovery or sum had or collected or to be collected by such patient, or by such patient's heirs, personal representatives or next of kin in the case of such patient's death, whether by judgment or by settlement or compromise.

1997 Kan.Sess.Laws ch. 21, § 1 (to be codified at K.S.A. § 65–406(a)). Thus, under this section, the Hospital has a lien on any recovery by the passengers on claims against others for damages. K.S.A. § 65–407 provides that, to make the lien effective, a hospital must, before payment of the amount recovered, file a notice of the lien with the clerk of the district court in the hospital's county and send a copy of that notice to those parties alleged liable, those parties' liability insurers, and the patient. K.S.A. 65–408 provides that if a party, including an insurance carrier, makes a payment to a patient without paying the hospital lien, the hospital may enforce the lien by bringing suit against the party within one year of the payment.

Plaintiff argues that the Hospital's counterclaim to protect its statutory lien is not permitted by law. No Kansas case has addressed the application of the hospital lien statute in his context.

Plaintiff first argues that the policy proceeds it would deposit into the court in the present interpleader action are not subject to the lien under the statute. Plaintiff contends that a lien arises only on the recovery on a patient's claim, and because the passengers here would not be permitted to sue plaintiff as the alleged tortfeasor's insurer, *see White v. Goodville Mutual Casualty Co.,* 226 Kan. 191, 196, 596 P.2d 1229 (1979), there is no lien here.

The court disagrees. K.S.A. § 65–408 indicates that payments made by liability insurers are subject to the lien. Here plaintiff, as liability insurer, seeks to pay off anticipated tort claims by depositing the policy proceeds into the court. Therefore, if plaintiff loses on its declaratory judgment count and the interpleader action is accepted by the court, plaintiff will have made a payment as compensation for injuries sustained by patients of the Hospital, and a lien in favor of the Hospital would arise.

■ The court does not agree, however, that a counterclaim is necessary to protect the Hospital's lien here. Sections 65–407 and 65–408 set out a procedure whereby a hospital protects its lien by filing it and sending notice. If a payment is made without satisfaction of the lien, the hospital may then maintain a cause of action against the party who made the payment. In this case, plaintiff attempts to make the payment by way of an interpleader action. Plaintiff named the Hospital as a defendant, thereby recognizing the Hospital's lien on the payment. Therefore, because plaintiff has not made a payment in derogation of the Hospital's lien, no cause of action arises under the statute. The

Hospital's status as a stakeholder defendant in the interpleader action is sufficient to protect its lien. In the event the court distributes the policy proceeds among the stakeholders, the Hospital's lien will be satisfied to the extent appropriate under the law.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to dismiss the counterclaim by defendant Overland Park Regional Medical Center (Doc. 45) is granted, and the counterclaim is hereby dismissed.

**IT IS SO ORDERED.**

---

**1.** The Hospital has not alleged in its counterclaim that plaintiff has already made any payments without also satisfying a lien held by the Hospital.