(170 P.3d 900)
No. 96,953

KEARNY COUNTY HOSPITAL, ST. CATHERINE HOSPITAL, *Appellees,*
v. ALLSTATE INSURANCE CO., *Appellant.*

Opinion filed November 9, 2007.

*Robert J. Luder* and *Michael L. Hughes*, of Long, Luder & Gordon, P.A., of Overland Park, for appellant.

*Joshua K. Shea*, of Dodge City, for appellees.

Before HILL, P.J., GREEN and MARQUARDT, JJ.

GREEN, J.: Kearny County Hospital and St. Catherine Hospital (collectively appellees) filed this case against Allstate Insurance Co. (Allstate) under K.S.A. 65-408 after learning that Allstate, in an interpleader action, compensated the appellees' patients for their injuries without paying the appellees' hospital liens. The appellees' two patients each settled for $13,967.21 of Allstate's $50,000 policy proceeds, while six other claimants divided the remainder of the proceeds. The appellees argued that under K.S.A. 65-408, Allstate was liable to them in the amount of $50,000. The trial court granted summary judgment to the appellees and awarded them $50,000.

First, Allstate contends that it cannot be held liable to the appellees when the trial court in the interpleader action had notice of the appellees' liens and distributed the funds to the injured parties. Nevertheless, K.S.A. 65-408 imposes a duty upon insurance carriers to ensure that hospital liens are paid when compensating a hospital's patients for injuries sustained in an accident.

Because nothing in the record shows that Allstate ever notified the trial court that the appellees' hospital liens needed to be paid out of the insurance policy proceeds, Allstate's argument fails. Next, Allstate argues that K.S.A. 65-408 does not impose liability in this case. We disagree. K.S.A. 65-408 imposes liability upon an insurance company that has failed to pay a hospital lien when compensating the hospital's patient. Here, because Allstate compensated the appellees' patients for their injuries without paying the appellees' hospital liens, the trial court properly found that K.S.A. 65-408 applies to this case.

Next, Allstate argues that even if K.S.A. 65-408 is applicable to this case, the trial court erred in awarding a $50,000 judgment to appellees. We agree. Under K.S.A. 65-406, the maximum amount the appellees could recover was the amount "going [to] or belonging to" the appellees' patients, that is, the $13,967.21 going to each patient. Moreover, under K.S.A. 65-406(c), Kearny County Hospital was entitled to receive the entire amount of its hospital liens, $1,355. Nevertheless, in order to decide the amount that St. Catherine Hospital was entitled to recover out of each patient's settlement, the trial court needs to determine what an equitable distribution would have been under K.S.A. 65-406(c). Accordingly, we affirm in part, reverse in part, and remand for a determination in accordance with this decision.

The appellees are two separate hospitals that provided medical care to both Rosa Salazar and Cesar Castillo after an automobile accident in November 2002. The party at fault in the accident had a $50,000 automobile insurance policy with Allstate. Kearny County Hospital filed hospital liens of $870 for Salazar and $485 for Castillo with the Kearny County District Court. St. Catherine Hospital filed two hospital liens totaling $63,670.74 for Salazar and two hospital liens totaling $42,864.93 for Castillo with the Finney County District Court. The hospital liens were filed between February 2003 and December 2003. Notices of the hospital liens were sent to Allstate.

On January 26, 2004, Allstate brought an interpleader action in the Kearny County District Court. Eight people involved in the automobile accident had made claims against the Allstate policy.

Allstate requested that it be allowed to pay the amount of its $50,000 policy into the court and that the court determine the distribution to the eight claimants named as defendants in the interpleader action. The appellees were not named in the petition, nor did they ever receive notice of the interpleader action.

In January 2005, the defendants answered the interpleader petition. Attached to the answer was an agreed distribution of the $50,000 Allstate policy that was signed by all of the adult defendants. The defendants agreed that Allstate should pay its $50,000 policy limit into the court for distribution. The trial court found that the defendants had agreed to an equitable division of Allstate's insurance policy proceeds and ordered Allstate to pay the $50,000 policy limits into the court for distribution. Based on the distribution agreement, Salazar and Castillo were each awarded $13,967.21, which was net of attorney fees.

In September 2005, the appellees sued Allstate. Arguing that Allstate had violated K.S.A. 65-408 by making payments to the injured parties without first paying the hospitals their lien amounts, the appellees sought a judgment of $50,000 plus interest against Allstate. A default judgment was entered against Allstate for failing to answer the appellees' petition. Nevertheless, the trial court later set aside the default judgment. Allstate moved to dismiss the appellees' petition on the ground that K.S.A. 65-408 did not apply to the present case. Finding that K.S.A. 65-408 did apply to the present case, the trial court denied Allstate's motion to dismiss.

The appellees moved for summary judgment, arguing that they were entitled to $50,000 damages under K.S.A. 65-408. The trial court granted the appellees' motion for summary judgment and entered a judgment of $50,000 for the appellees.

*Standards of Review*

On appeal, Allstate raises a variety of arguments as to why the trial court erred in granting summary judgment to the appellees and in entering a judgment for $50,000 in favor of the appellees. First, Allstate argues that it is not liable for the hospital liens because the trial court had notice of the hospital liens and because it paid the settlement proceeds to the trial court for equitable distri-

bution. Alternatively, Allstate argues that the trial court erred in ordering it to pay the appellees more than the patients received. Finally, Allstate maintains that the district court should have held an evidentiary hearing to determine the proper apportionment of settlement funds.

In summary judgment cases, this court's standard of review is well established:

" ' " 'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citations omitted.]" ' [Citation omitted.]" *Korytkowski v. City of Ottawa*, 283 Kan. 122, 128, 152 P.3d 53 (2007).

Moreover, Allstate's arguments in this case require interpretation of statutes. Interpretation of a statute presents a question of law over which an appellate court has unlimited review. An appellate court is not bound by the trial court's interpretation of a statute. *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 (2007).

In interpreting statutes, this court applies the fundamental rule of statutory construction, which is that the intent of the legislature governs if that intent can be ascertained. A court presumes that the legislature expressed its intent through the language of the statutory scheme it enacted. Ordinary words are given their ordinary meanings. When a statute is plain and unambiguous, the court must give effect to the legislature's intent as expressed, rather than determine what the law should or should not be. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007).

*Appellees' Hospital Liens*

K.S.A. 65-406(a) provides the authority for the appellees' hospital liens in this case:

"Every hospital, which furnishes emergency, medical or other service to any patient injured by reason of an accident not covered by the workers compensation act, if such injured party asserts or maintains a claim against another for damages on account of such injuries, shall have a lien upon that part going or belonging to such patient of any recovery or sum had or collected or to be collected by such patient, or by such patient's heirs, personal representatives or next of kin in the case of such patient's death, whether by judgment or by settlement or compromise."

Under K.S.A. 65-406(a), the appellees had a lien against any money collected by Salazar or Castillo on claims for damages on account of their injuries. In order for a lien to be effective under K.S.A. 65-407, a hospital must file its lien statement with the clerk of the district court in the hospital's county and send a copy of the lien statement to those parties alleged to be liable to the patient, those parties' liability insurers, and the patient. At the hearing before the trial court, Allstate conceded that there was no dispute that the appellees properly filed their liens in this case.

*Notice to Trial Court*

Allstate argues that if the hospital liens were filed correctly by the appellees, the trial court had notice of the existence of the liens when the funds were distributed to the injured parties. Allstate maintains that it cannot be held liable for the hospital liens when the trial court had knowledge of the hospital liens and might have heard testimony concerning those liens at the distribution hearing.

Allstate alleges that this court is unable to review what went on at the distribution hearing as it has been unable to obtain a transcript from the hearing. On the other hand, the appellees contend that no transcript from the distribution hearing can be located because there was never a hearing. The appellees maintain that the only thing that happened on January 10, 2005, was the filing of an agreed journal entry between Allstate and the injured parties.

The appendix to the appellant's brief contains a letter from the court reporter stating that there was no hearing reported on Jan-

uary 10, 2005, and that there was no record made on the January 10, 2005, date by a court reporter or recording. In its reply brief, however, Allstate maintains that the final journal entry on the interpleader action indicates that there was a hearing on this matter. The journal entry, which was 5 pages in length, was filed on the same day as the alleged hearing and was signed by the parties' attorneys. Nevertheless, nothing in the 5-page journal entry indicates that the appellees' liens were ever discussed.

Moreover, there is no indication in the record that the trial judge deciding Allstate's interpleader actions was ever made aware of the hospital liens filed by the appellees. In this case, the hospital liens were filed by the appellees before Allstate filed its interpleader action. St. Catherine Hospital filed its liens in an entirely different county from where Allstate's interpleader action was heard. Allstate did not list the appellees in its petition, nor did it ever refer to the hospital liens. Instead, Allstate asked the trial court to equitably distribute its policy proceeds between the listed injured parties.

The appellees correctly point out that K.S.A. 65-408 imposes a duty upon insurance carriers, not trial courts, to ensure that hospital liens are satisfied when settlement payments are made. K.S.A. 65-408 states that after a hospital lien is properly filed, any person, firm, or corporation, including an insurance company, making payment to the patient, the patient's attorney, or the patient's legal representative as compensation for the injury sustained without paying the hospital the amount of its lien, is liable to the hospital for 1 year for the amount the hospital was entitled to receive. In order for Allstate to avoid liability to the appellees under K.S.A. 65-408, it needed to name the hospital as one of the claimants in its interpleader action.

Absent from the record in this case is any request by Allstate for the trial court to include the appellees in distributing Allstate's policy proceeds. As the appellant in this case, Allstate had the burden to furnish a record which affirmatively shows that prejudicial error occurred in the trial court. See *City of Wichita v. Eisenring*, 269 Kan. 767, 784, 7 P.3d 1248 (2000). "In the absence of a record showing prejudicial error the appellate court must assume that the action of the trial court was proper for it is precluded by the record

from adequately reviewing an unsubstantiated claim of error. [Citation omitted.]" *State v. Pettay*, 216 Kan. 555, 557-58, 532 P.2d 1289 (1975). Therefore, Allstate's argument on this issue fails.

*K.S.A. 65-408*

Next, Allstate contends that K.S.A. 65-408 does not allow the appellees to recover money that Allstate paid to the court for distribution in its interpleader action.

K.S.A. 65-408 states:

"Any person or persons, firm or firms, corporation or corporations, including an insurance carrier, making any payment to such patient or to his attorneys or heirs or legal representatives as compensation for the injury sustained, after the filing and mailing of such notice without paying to such hospital the amount of its lien or so much thereof as can be satisfied out of the moneys due under any final judgment or compromise or settlement agreement, after paying the amount of any prior liens, shall, for a period of one year from the date of payment to such patient or his heirs, attorneys or legal representatives, as aforesaid; be and remain liable to such hospital for the amount which such hospital was entitled to receive as aforesaid; any such association, corporation or other institution maintaining such hospital may, within such period, enforce its lien by a suit at law against such person or persons, firm or firms, corporation or corporations making any such payment."

Allstate focuses its argument on the language of K.S.A. 65-408 that the statute applies to "[a]ny person or persons, firm or firms, corporation or corporations, including an insurance carrier, *making any payment to such patient or to his attorneys or heirs or legal representatives* as compensation for the injury sustained . . . ." (Emphasis added.) Allstate contends that K.S.A. 65-408 is inapplicable to this case because Allstate paid the money *into the trial court* for equitable distribution to the injured parties in its interpleader action. Allstate maintains that because all payments were made at the discretion and the hands of the trial court and not by Allstate, this case does not come within K.S.A. 65-408.

If this court were to accept Allstate's argument, an insurance company could circumvent K.S.A. 65-408 and avoid liability on a hospital lien by having a third party distribute the insurance policy proceeds to the injured parties. On the other hand, an insurance company sending a check straight to the patient or to his attorneys,

heirs, or legal representatives as compensation for the patient's injury would be subject to K.S.A. 65-408. Under both situations, the insurance company has failed to include the hospital in determining the payment of policy proceeds. Nevertheless, the insurance company in the first situation would be able to avoid liability on a properly filed hospital lien by using an intermediary to distribute the policy proceeds. Such an interpretation of K.S.A. 65-408 would produce an unreasonable result. As a general rule, courts should construe statutes to avoid unreasonable results and presume the legislature does not intend to enact useless or meaningless legislation. *Hawley v. Kansas Dept. of Agriculture*, 281 Kan. 603, 631, 132 P.3d 870 (2006).

As the appellees point out, the federal district court of Kansas in *Farm Bureau Mutual Insurance Company, Inc. v. Harmon*, 981 F. Supp. 1391 (D. Kan. 1997), recognized that insurance policy proceeds deposited with the court in an interpleader action are subject to K.S.A. 65-408. In *Farm Bureau*, the insurance company brought an interpleader action, seeking to deposit with the court the amount of its policy limit with respect to two passengers. The insurance company argued that the policy proceeds it would deposit with the court were not subject to a hospital lien under the Kansas statute. The insurance company maintained that a lien arises only on the recovery of a patient's claim, and because the passengers would not be allowed to sue the insurance company as the alleged tortfeasor's insurer, there was no lien. 981 F. Supp. at 1393. The court stated that "K.S.A. 65-408 indicates that payments made by liability insurers are subject to the lien." The court noted that the insurance company sought to pay off anticipated tort claims by depositing the policy proceeds into the court. The court concluded that if the interpleader action was accepted, the insurance company "will have made a payment as compensation for injuries sustained by patients of the Hospital, and a lien in favor of the Hospital would arise." 981 F. Supp. at 1393.

The reasoning in *Farm Bureau* is correct. The language of K.S.A. 65-408 imposes liability upon an insurance carrier when the insurance carrier has paid a patient for his or her injuries but has failed to pay a hospital lien. Here, Allstate made a payment as compen-

sation for injuries sustained by patients of the hospitals. The money did not come from the trial court. The money came from Allstate and went to the injured parties. Allstate used the trial court as an intermediary to equitably distribute its $50,000 policy to the injured parties. The method used by Allstate to make payment to the injured parties does not negate the fact that Allstate paid the injured parties for their injuries. K.S.A. 65-408 is applicable to this case.

*Amount of Judgment*

The question in this case now turns to whether the trial court properly awarded a $50,000 judgment to the appellees. Allstate argues that the maximum amount the appellees could recover under K.S.A. 65-406(a) was the amount received by each patient after deducting attorney fees. Allstate further maintains that in order for the trial court to determine the amount that the appellees were entitled to receive under K.S.A. 65-408, the trial court should have held an evidentiary hearing.

Under K.S.A. 65-408, after a hospital lien is properly filed, an insurance company making payment to the patient as compensation for the patient's injuries without paying the hospital "the amount of its lien or so much thereof as can be satisfied out of the moneys due under any final judgment or compromise or settlement agreement" is liable to the hospital for 1 year for the amount the hospital "was entitled to receive as aforesaid."

Thus, after Allstate paid the amount of its policy proceeds to the injured parties, it remained liable to the appellees for 1 year for the amount the appellees were entitled to receive. Based on the language of K.S.A. 65-408, the amount that the appellees were entitled to receive was "the amount of its lien or so much thereof as can be satisfied out of the moneys due under any final judgment or compromise or settlement agreement." K.S.A. 65-408. In other words, the amount that the appellees were entitled to receive was the amount that they should have received out of the $50,000 under the final settlement agreement.

Obviously, the appellees were not entitled to receive the entire amount of their hospital liens, which totaled over $100,000, when

Allstate's policy proceeds were only $50,000. Moreover, the appellees would not automatically be entitled to receive the entire $50,000 because eight persons were injured in the accident and they all had made claims against the policy proceeds. A trial court determining an equitable distribution would not have likely found that St. Catherine Hospital was entitled to all of the settlement proceeds and the injured persons nothing.

In order to determine what amount a hospital is entitled to receive under K.S.A. 65-408, a court must look to K.S.A. 65-406. Although the appellees argue that K.S.A. 65-408 is the only statute that should be considered by this court, that statute provides no guidance as to the amount that the hospital should have received out of Allstate's insurance proceeds. K.S.A. 65-406 is the statute that relates to the amount that a hospital can recover on its lien.

Under K.S.A. 65-406(a), if an injured patient asserts or maintains an action for damages on account of injuries, the hospital is granted a lien in "that part [of the damages] going or belonging to such patient of any recovery or sum had or collected or to be collected by such patient, or by such patient's heirs, personal representatives or next of kin in the case of such patient's death, whether by judgment or by settlement or compromise."

Under subsection (a) of K.S.A. 65-406, the appellees only had a lien "upon that part going or belonging to" their patients "of any recovery or sum had or collected or to be collected" by their patients, whether by judgment, settlement, or compromise. According to the settlement agreement incorporated in the January 10, 2005, journal entry, the appellees' patients each agreed to collect $13,967.21 in settlement of their claims against Allstate. The appellees' liens extended to the $13,967.21 to be collected by each patient. Contrary to the trial court's decision, the appellees' liens did not extend to the entire $50,000 of Allstate's policy proceeds. Because the entire $50,000 was never "going or belonging to" the appellees' patients, the appellees could not have a lien on this amount under K.S.A. 65-406(a).

In addition, K.S.A. 65-406(c) limits the amount that a hospital can recover on its lien as follows:

"In the event the claimed lien is for the sum of $5000 or less it shall be fully enforceable as contemplated by subsection (a) of this section. In the event the claimed lien is for a sum in excess of $5,000 the first $5,000 of the claimed lien shall be fully enforceable as contemplated by subsection (a) of this section, and that part of the claimed lien in excess of $5,000 shall only be enforceable to the extent that its enforcement constitutes an equitable distribution of any settlement or judgment under the circumstances. In the event the patient or such patient's heirs or personal representatives and the hospital or hospitals cannot stipulate to an equitable distribution of a proposed or actual settlement or a judgment, the matter shall be submitted to the court in which the claim is pending, or if no action is pending then to any court having jurisdiction and venue of the injury or death claim, for determination of an equitable distribution of the proposed or actual settlement or judgment under the circumstances."

Thus, under K.S.A. 65-406(c), the first $5,000 of a properly filed hospital lien is fully enforceable. Nevertheless, any amount of the hospital lien over $5,000 is enforceable only to the extent that such enforcement is an equitable distribution of any settlement or judgment under the circumstances.

Here, because the hospital liens filed by Kearny County Hospital were less than $5,000, that hospital was entitled to recover the entire amount of its hospital liens under K.S.A. 65-406(c). On the other hand, St. Catherine Hospital filed hospital liens of $63,670.64 for Salazar and $42,864.93 for Castillo. Under K.S.A. 65-406(c), St. Catherine Hospital was entitled to recover $5,000 on Salazar and $5,000 on Castillo. In addition, St. Catherine Hospital was entitled under K.S.A. 65-406(c) to recover an amount that would constitute an equitable distribution of any settlement or judgment under the circumstances. Nevertheless, a determination was never made in this case regarding what amount of St. Catherine Hospital's liens would constitute an equitable distribution of the patients' agreed settlements in this case.

Allstate contends that the trial court should have ordered an evidentiary hearing in this case to determine the proper apportionment of the settlement funds to the appellees under K.S.A. 65-406(c). Allstate is correct. Under K.S.A. 65-406(c), St. Catherine Hospital can enforce the amount of its liens over $5,000 only to the extent that the enforcement constitutes an equitable distribution of the settlement agreement. K.S.A. 65-406(c) further pro-

vides that when a patient and a hospital cannot stipulate to an equitable distribution of a settlement, the trial court must determine an equitable distribution of the settlement under the circumstances. In this case, the trial court should have held a hearing to determine what would have been an equitable distribution of the settlement funds between St. Catherine Hospital and its patients.

On remand, the trial court should keep in mind that the maximum amount that St. Catherine Hospital could recover under K.S.A. 65-406(a) would be the amount received by each patient after deducting attorney fees less the amount of the Kearny County Hospital liens. See K.S.A. 65-406(b); *Harlow v. Lloyd*, 15 Kan. App. 2d 497, Syl. ¶ 3, 809 P.2d 1228 (1991) ("A hospital lien 'upon that part going or belonging to such patient' means a lien on that part remaining after the fee of the lawyer is deducted."). Because Kearny County Hospital was entitled to recover the balance of its hospital liens out of the patients' settlements, the maximum amount that St. Catherine Hospital could recover is $13,097.21 ($13,967.21-$870) on Salazar and $13,482.21 ($13,967.21-$485) on Castillo.

*Motion to Dismiss*

Finally, Allstate contends that the trial court erred in denying its motion to dismiss when K.S.A. 65-408 does not apply when money is paid to the court or when the money is paid before the final judgment or settlement.

"On a motion to dismiss for failure of the petition to state a claim upon which relief can be granted, the question must be decided from the allegations of the petition. The question is whether, in the light most favorable to petitioners, and with every doubt resolved in their favor, the petition states any valid claim for relief. Dismissal is justified only when the allegations of the petition clearly demonstrate petitioners do not have a claim. [Citation omitted.]" *State ex rel. Slusher v. City of Leavenworth*, 279 Kan. 789, 790, 112 P.3d 131 (2005).

The first part of Allstate's argument, that K.S.A. 65-408 does not apply when money is paid into the trial court, can be disposed of rapidly based on our previous analysis. As determined above, K.S.A. 65-408 applies to situations where an insurance company deposits money with the trial court to be distributed as compen-

sation to injured parties having claims against the insurance company.

Allstate also argues, however, that K.S.A. 65-408 is inapplicable here because payment was not made "under any final judgment or compromise or settlement agreement." Allstate contends that payment was made *before* any final judgment, compromise, or settlement agreement was entered.

Nevertheless, the record fails to demonstrate that Allstate's payment was made before any final judgment, compromise, or settlement agreement was entered. The journal entry detailing the settlement agreement in the interpleader action was filed on January 10, 2005. Allstate's attorney sent the $50,000 policy proceeds to the Kearny County District Court Clerk with a letter dated January 19, 2005. In the letter, Allstate's attorney stated:

"Enclosed please find a check from Allstate Insurance made payable to the Clerk of the District Court of Kearny County, Kansas for $50,000.00. At a hearing on Monday, January 10, 2005, as counsel for Allstate, I was ordered to pay this amount in to the Clerk of Court to effectuate the settlement of Allstate Insurance Co., v. Maria Salazar, et al., case number 04C4. I understand that once the $50,000.00 is paid in to the Clerk of Court, Allstate Insurance will be released from this matter."

Thus, as the appellees point out, the record establishes that the payment by Allstate was made after and under the settlement agreement. Because the argument advanced by Allstate lacks support in the record, it is unnecessary to address this issue any further. K.S.A. 65-408 applies to this case.

In summary, the trial court's judgment of $50,000 in favor of the appellees should be reversed. A judgment of $1,355 should be entered in favor of Kearny County Hospital. Further, the case should be remanded to the trial court for a determination on what an equitable distribution of the settlement funds would have been between St. Catherine Hospital and Salazar and Castillo.

Affirmed in part, reversed in part, and remanded for a determination on the amount to be awarded to St. Catherine Hospital.